## KIMMEL ET AL. *v.* COMMONS ET AL.

PAYMENT.—*Principal and Agent.—Harmless Ruling on Demurrer.*—Where there is an answer of payment generally, as well as an answer of payment to a particular third person, alleged to have been authorized to receive it, the facts alleged in the latter are admissible under the former, and therefore the overruling of a demurrer to the latter is harmless.

BILL OF PARTICULARS.—*Measure of Damages.—Instruction.—Evidence.—Supreme Court.*—In an action on account, wherein one paragraph purported to set out a bill of particulars, and a second alleged that the plaintiffs were not able to furnish a bill of particulars, though the bill of particulars filed corresponded better with the latter than the former, the court instructed the jury that they could "not allow the plaintiffs for any item not included in the bill of particulars."

*Held,* the evidence not being in the record, that the Supreme Court can not say that the instruction was erroneous.

From the Wayne Circuit Court.

*H. C. Fox,* for appellants.

*T. J. Study,* for appellees.

PERKINS, J.—Suit on an account.

The complaint contained two paragraphs, and one bill of particulars.

Answer in four paragraphs :

1. In general denial;

2. Payment;

3. Payment to a particular person not a party to the suit, but who was authorized to receive payment; and,

4. A set-off, accompanied by a bill of particulars, amounting to three hundred and forty-eight dollars and seventy-three cents.

A demurrer to the third paragraph of answer was overruled, and exception entered.

Reply in denial of the second, third and fourth paragraphs of answer.

Trial by jury; verdict for the plaintiff, for twenty-three dollars ; judgment for that sum, against the defendants, but the costs were taxed to the plaintiffs, to which taxation they excepted.

Plaintiffs moved for a new trial, which motion was overruled. They filed a bill of exceptions, and appealed to this court.

They assign as errors :

1. Overruling the demurrer to the third paragraph of answer ;

2. Overuling the demurrer to the fourth paragraph of answer ; and,

3. Overruling the motion for a new trial.

We consider, and decide upon, the errors assigned.

The first is not insisted upon in argument, and is therefore waived. But, as there was a general paragraph of answer of payment in the record, the payment alleged in the third paragraph might have been proved under said paragraph of payment, generally. The ruling on the third paragraph was therefore harmless.

The second error assigned does not appear by the record to have occurred, as the record does not show the filing of a demurrer to the fourth paragraph of answer.

Counsel, in his brief for appellant, says:

" The error principally complained of in this case, and relied upon for a reversal thereof, was the giving of charge No. eight (8), given to the jury by the court."

That was as follows:

" The 'jury can not allow plaintiffs for any work or item not included in their bill of particulars."

This instruction is included in a bill of exceptions signed by the court, which states that it was objected to at the time as not expressing the law ; and, by statute, "An exception is an objection taken to a decision of the court upon a matter of law." 2 R. S. 1876, p. 175, sec. 342.

The exception to the instruction was properly reserved. To correctly appreciate the objection to this instruction, it will be necessary that we have before us a brief statement of facts.

The complaint, as we have stated, consisted of two paragraphs. The gravamen of the first was, that the defendants, as partners, " were indebted to the plaintiffs in the sum of two hundred and fifty dollars, for work and labor done for defendants, at their request, a bill of particulars of which is herewith filed," etc.

The gravamen of the second paragraph was, that the defendants, as partners, were " indebted to the plaintiffs, for work and labor and for the use of horses and wagons, done and furnished for the defendants by the plaintiffs, at defendants' request," etc. ; and the paragraph averred, that the plaintiffs were not able to furnish a bill of particulars, etc.

Each paragraph claimed two hundred and fifty dollars.

No bill of particulars appears to have been filed with either paragraph of the original complaint; but, accord-

ing to the clerical entries, the plaintiffs, on the third day of the April term, 1875, filed an amended complaint, containing the two paragraphs from which we have quoted, and, says the record, " on motion, the defendants are ruled to answer on or before the second Wednesday of this term ; said plaintiffs now file their bill of particulars, in these words, to wit : " Here follows a bill of items, twenty-five in number, amounting in the aggregate, to three hundred and twenty-four dollars, being seventy-four dollars more than was claimed in either paragraph of the complaint," most of which items are for hauling with teams, of which we give a few examples :

" To one day, with four horses..................... $6.00
" To two days, with four horses .....................12.00
" To lumber, to Connersville............................ 5.00
" To timber, from Thos. Houston ...................28.75
" Use of team, hauling to Connersville ..............10.50 "

The bill of particulars better corresponded with the allegations of the second, than with the first, paragraph of the complaint, though portions of it, if not all, would have been admissible under each.

The evidence is not in the record.

The appellants contend, that the bill of particulars was under the first paragraph of complaint only, and limited the proof under it ; but that, as there was no bill of particulars under the second paragraph, they had a right to prove any item under it, that might properly have been stated in a bill of particulars, could one have been furnished.

In the absence of the evidence given in the cause, we can not say, under the circumstances surrounding this case, appearing by the record, that the plaintiffs were injured by the instruction, even if it were erroneous as an abstract proposition, a point we need not now decide.

The judgment is affirmed, with costs.